**AMERICAN SHIP MORTGAGE HOLDINGS, INC., et al., Plaintiffs,**

v.

**The STEAMSHIP CARIBE ENTERPRISE, her engines, boilers, etc.,**

**and**

**Vanessa Trading, Inc., Defendants.**

**No. CV 83–3841 (HB).**

United States District Court, E.D. New York.

Jan. 13, 1984.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y., Janis G. Schulmeisters, Atty. in Charge U.S. Dept. of Justice, Torts Branch, Civ. Div. by Marie Louise Hagen, New York City, for Marshal/U.S.A.

Hills, Betts & Nash by Steven A. Hammond, New York City, for plaintiffs.

Waesche, Sheinbaum & O'Regan by Francis M. O'Regan, New York City, for defendants.

Stephen C. Pascal, New York City, for Captain, Chief Engineer & Second Engineer of Caribe Enterprise.

Elizabeth Starkey, New York City, for MMP and ARA Plans.

BRAMWELL, District Judge.

Plaintiff, American Ship Mortgage Holdings, Inc., is also moving this morning for

an order modifying this court's order of October 18, 1983, which awarded marshal's fees in the amount of $31,695.72. For the reasons set forth below, plaintiff's motion is denied.

Section 1921 of title 28 of the U.S.Code, sets forth a formula to be used by district courts when awarding marshal's fees. This section provides, in relevant part, that for seizing or levying on property, disposing of the same by sale, setoff or otherwise, and receiving and paying over money to the court, the marshal shall be entitled to a commission of 3 percent on the first $1,000 of the amounts collected and 1½ percent on the excess of any sum over $1,000. This is the formula that was used in calculating the marshal's fees and commissions awarded by this court on October 18, 1983. Plaintiff now argues that, as the marshal services in this action consisted merely of serving the warrant for the arrest of the vessel and presiding over the sale of the vessel at the auction, the fees and commissions awarded were unreasonably excessive.

Specifically, plaintiff contends that services ordinarily performed by the marshals, such as maintaining and guarding the vessel, procuring the necessary advertising of the sale, were performed by parties other than the marshal, in this action. Hence, plaintiff maintains that the marshal is only entitled to $3,330.72 as reasonable compensation for its fees and expenses.

A careful reading of section 1921 indicates that the marshal here was awarded the appropriate fees and commissions. The formula of 3 percent of the first $1,000 and 1½ percent on the excess of any sum over $1,000 applies solely to the services of seizing the property, disposing of the property by sale, and turning the money over to the court. In addition to this formula, section 1921 contains a separate provision for reimbursing expenses incurred in preparing a notice of sale, and a separate provision for reimbursing actual expenses incurred in maintaining and guarding the attached property. Hence, it is clear from the statute that the 3 percent/1½ percent formula was not intended to include reimbursement for expenses incurred in performing services other than seizing, disposing of, and collecting payment for a property. Accordingly, as the marshal here arrested the Steamship CARIBE ENTERPRISE, sold the vessel at a public sale, and deposited the proceeds of this sale in the registry of the Court, this court finds that the marshal is entitled to the total amount of fees awarded on October 18, 1983.

For the foregoing reasons plaintiff's motion to modify and reduce the award of marshal's fees and expenses is denied.

Settle an order on notice on or before January 27, 1984.